IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EDWARD WORZALA, JR., ) | |
| ) | |
| Plaintiff, ) | Case No. CV06-308-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| BONNER COUNTY, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court in this civil rights action brought pursuant to 42 U.S.C. § 1983, are Defendants' motions to dismiss Defendant Trooper Leslie Lehman and Defendant Idaho State Police. The Court has reviewed the motions and the record. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the brief and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without a hearing.

On a motion to dismiss, the Court's review is generally limited to the contents of the complaint. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir.1996). The Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party." Id. "The Court is not required, however, to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Lord v. Swire Pacific Holdings, Inc., 203 F. Supp.2d 1175, 1178 (D. Idaho 2002) (citing Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th

MEMORANDUM ORDER - Page 1

Cir.1994)). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999).

Section 1983 permits a lawsuit to be filed against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State" is alleged to have violated the civil rights of any individual. Defendants contend that dismissal is proper here because Plaintiff cannot bring a § 1983 action for damages against a state agency (Defendant Idaho State Police) and/or a state employee sued in her official capacity (Defendant Trooper Leslie Lehman). (See Pl.'s Compl. p. 3). Plaintiff admits that he is suing a state agency and Trooper Leslie Lehman in her official capacity but maintains that the controlling law permits such an action. (See e.g., id.; Pl.'s Resp. p. 2 (arguing that excessive force claims have been allowed against "officers acting in their official capacity").[1]

" 'States or governmental entities that are considered "arms of the State" for Eleventh Amendment purposes' are not 'persons' under § 1983." Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989)). Because the Idaho State Police is an arm of the State of Idaho and thus is not a "person" under § 1983, the Plaintiff's causes of action against this defendant are not viable. See Will, 491 U.S. at 70.

Plaintiff also named as defendant not only the Idaho State Police but also Trooper Leslie Lehman in her official capacity. Obviously, state officials literally are persons. "But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Id. at 71. "As such, it is no different from a suit against the State itself." Id.

Accordingly, the motions to dismiss will be granted. See id. ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

---

[1] "[S]tatements of fact contained in a brief [or pleading] may be considered admissions of the party . . . ." American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir. 1988).

MEMORANDUM ORDER - Page 2

## ORDER

Based on the foregoing and being fully advised in the premises, the Defendants' motions to dismiss (docket nos. 5 & 6) are **GRANTED.** The Plaintiff's claims against Defendant Trooper Leslie Lehman and Defendant Idaho State Police are **DISMISSED**.

DATED: **January 31, 2007**

Honorable Edward J. Lodge
U. S. District Judge